

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-21-2006

# Lane v. Local 2-286

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4066

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lane v. Local 2-286" (2006). *2006 Decisions*. Paper 1557.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1557

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4066
_____

GWENDOLYN LANE,

Appellant

v.

LOCAL UNION 2-286
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-01763)
District Judge: Honorable Gene E. K. Pratter
_____

Submitted Under Third Circuit LAR 34.1(a)
FEBRUARY 8, 2006

Before: ROTH, RENDELL AND AMBRO, <u>Circuit Judges</u>.

(Filed February 21, 2006)

_____

OPINION
_____

PER CURIAM

Gwendolyn Lane appeals from an order of the United States District Court for the

Eastern District of Pennsylvania, dismissing her complaint pursuant to Fed. R. Civ. P.

12(b)(6) for failure to state a claim upon which relief may be granted. We will affirm the Court's judgment.

We note that Lane complains in her brief that the District Court "failed to take my complaint serious [sic]." On the contrary, we find that the District Court generously construed Lane's complaint and thoroughly addressed any issue it conceivably raised. The Court properly dismissed the complaint for the reasons it stated in its memorandum of July 19, 2005: Lane's complaint was untimely, as it was not filed within the 6-month statute of limitations; see <u>DelCostello v. Int'l Brotherhood of Teamsters</u>, 462 U.S. 151, 169, 172 (1983); her suit was barred by her failure to file a grievance with the Union within five days of her termination as required by the Collective Bargaining Agreement; and any discrimination claims that were arguably raised by the complaint were barred by her failure to file a complaint with the Equal Employment Opportunity Commission or the Pennsylvania Human Relations Commission.

For the reasons stated by the District Court, we will affirm.